## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KENDRICK J. BRYANT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO.  3:12-CV-00071 (VLB)** |
| **V.** | ) | |
| | ) | |
| **GREATER NEW HAVEN TRANSIT** | ) | |
| **DISTRICT,** | ) | |
| **Defendant.** | ) | **MAY 6, 2014** |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## AMENDED MOTION IN LIMINE TO EXCLUDE TESTIMONY
## OF PROPOSED WITNESSES

Defendant Greater New Haven Transit District hereby files this Memorandum of Law in support of its Amended Motion in Limine to Exclude Testimony of Proposed Witnesses, which asks the Court to exclude the testimony of all witnesses on plaintiff Kendrick Bryant's proposed Witness List.  As noted below, Plaintiff's Witness List does not meet the requirements for such a list, including providing a reasonably comprehensible explanation of the subject matter of the proposed testimony, and the four proposed "expert" witnesses are officials who issued decisions in administrative proceedings prior to this action, rather than being disclosed experts whose testimony might be admissible at trial.

After 3:00 p.m. on April 25, 2014, Defendant's counsel received from Plaintiff copies of certain documents that he intended to include in the Joint Trial Memorandum, including a list of witnesses ("Plaintiff's Witness List").  A copy of Plaintiff's Witness List is attached hereto as Exhibit A.  Because Plaintiff provided the Witness List to Defendant on April 25, 2014, while the Amended Joint Trial

Memorandum was due on April 25, 2014, Defendant was unable to file the present Motion simultaneously with the filing of the Amended Joint Trial Memorandum.

I.    Procedural Inadequacy

First, with respect to all of the proposed witnesses, Plaintiff's Witness List fails to comply with the requirements of this Court's Joint Trial Memorandum Order (the "JTM Order").  "Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony."  JTM Order at 2. "Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown."  *Id.*

Plaintiff's Witness List does not provide the addresses of any of the proposed witnesses or the duration of the expected testimony.  Most importantly, it does not provide a reasonably comprehensible summary of the anticipated testimony.  It does not provide any summary of testimony for specific witnesses. Instead, it groups the witnesses into two groups and gives only fragmentary summaries for each.

First, Plaintiff placed numbers by the names of seven witnesses, and wrote nearby:  "7 witnesses Disparate treatment Retaliation Grievances and disciplinary actions".  It is not clear if each one of these seven witnesses is a witness for all three topics, i.e., disparate treatment, retaliation, and grievances and disciplinary actions.  In any event, for none of these witnesses is any more specific summary provided.

These few words are not enough to permit Defendant to prepare to cross-examine these witnesses.  In addition, they do not permit Defendant and the Court to evaluate the relevance and admissibility of the proposed testimony.  For example, to the extent that a witness is offered to suggest that Plaintiff's grievances and Defendant's disciplinary actions in late 2010 and early 2011 reflected retaliation by Defendant, such evidence cannot be relevant, because the Court has already removed any such retaliation claim from this action.  <u>See</u> Memorandum of Decision Granting Defendants' Motion for Summary Judgment [Doc. 57] at 28-29.  However, the absence of reasonably specific summaries makes it impossible to tell which witnesses have only such irrelevant testimony to offer.

Second, Plaintiff drew lines from the names of the remaining four witnesses to a place on the page on which he has written:  "4 Expert witnesses Nature of the case How did They come to there separate determinations Retaliation Grievances and Disciplinary actions" [sic.].  Again, this summary is too vague to permit Defendant to adequately prepare to meet such testimony and clearly does not meet the requirements of the JTM Order.

Given that Plaintiff has not met the minimum requirements of the JTM Order with respect to any of the proposed witnesses, testimony from all witnesses on Plaintiff's Witness List should be excluded.  <u>See</u>, <u>e.g.</u>, <u>Hunt v. City of Minneapolis, Minn.</u>, 203 F.3d 524, 529 (8th Cir. 2000) (the trial court "properly concluded that the [the plaintiff] was 'precluded from offering any witnesses or exhibits at trial' on the basis of the noncompliant witness list").

3

II.   <u>Proposed "Expert Witnesses"</u>

As noted above, Plaintiff defines four of the individuals listed as "expert witnesses."  The witnesses who are so identified are:

1.  Pekah Wallace.  Ms. Wallace, a Regional Manager for the Connecticut Commission on Human Rights and Opportunities (CHRO), was one of the signers of the Final Summary:  Reasonable Cause issued by the CHRO on September 9, 2011.

2.  Ronald T. Coleman.  Mr. Coleman, an Associate Appeals Referee for the Employment Security Appeals Division (ESAD), issued a Decision of Appeals Referee on or before April 28, 2010 on Plaintiff's claim for unemployment compensation benefits for the period immediately following his initial termination.

3.  Eric Beckenstein.  Mr. Beckenstein, an Associate Appeals Referee for ELAD, issued a Decision of Appeals Referee, dated August 31, 2011, on Plaintiff's claim for unemployment compensation benefits in connection with his April 2011 resignation.

4.  V. Golick.  This presumably refers to Roberta Golick, an arbitrator for the American Arbitration Association (AAA), who issued a decision, dated July 2, 2010, on Defendant's initial termination of Plaintiff.

For several reasons, the listed persons may not be treated as expert witnesses in this action.  First, Plaintiff did not designate them as such during the period when he was entitled to do so.  The deadline for Plaintiff to designate any expert witnesses, and provide expert reports, was September 4, 2012.  That deadline was adopted by the Court in a Scheduling Order issued on June 26, 2012

4

[Doc. 15].  In that Order, the Court stated that the "Proposed Rule 26(f) report is approved."  In the Rule 26(f) report that Defendant proposed on June 25, 2014 [Doc. 14], the proposed deadline for Plaintiff's designation of expert witnesses and provision of expert reports was September 4, 2012.  The Court never adopted an Order altering that deadline.  Moreover, the Court's last Scheduling Order that the Court addressed the deadlines for discovery, issued on January 23, 2013 [Doc. 20], provided that all discovery in this action closed on March 1, 2013.

Plaintiff has never filed a designation of these four individuals as expert witnesses or filed any expert reports with respect to them.  In considering whether to exclude expert testimony based on a party's failure to comply with the Court's discovery orders, courts in this circuit apply a four-factor test.  Barnett v. Conn. Light & Power Co., No 3:11CV1037 (VLB), 2013 WL 1196669, at *1 (D. Conn. Mar. 25, 2013).  The factors, enunciated by the Second Circuit, are:  (1) the offering party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.  Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997).

First, Plaintiff can offer no explanation for his failure to comply with the Scheduling Order that would justify the acceptance of testimony from newly designated expert witnesses nineteen months after the deadline and only 70 days prior to the July 8, 2014 date scheduled for jury selection in this case. Even if any of these four individuals could be regarded as experts in any sense, Plaintiff has

been aware of them since before he filed this action.  The most recent of the four documents that are (evidently) the basis for these designations was issued on September 9, 2011, before Plaintiff filed this action on January 11, 2012.

Second, the testimony of these individuals has no importance at all as expert testimony.  None of them are, by any stretch of the imagination, expert witnesses.  They are persons who issued decisions in administrative proceedings involving these parties.  A person is qualified as an expert witness if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  The four individuals in question do not possess "scientific, technical, or other specialized knowledge" in this matter.  Rather, they are prior decision-makers whose role has been to make legal, administrative or arbitral decisions addressing different questions and applying different standards than those controlling in this federal lawsuit.  The testimony of prior decision-makers may not be offered by designating it "expert testimony."  <u>Feller v. Bd. of Educ. of State of Conn.</u>, 583 F.Supp. 1526, 1529 (D. Conn. 1984).

Third, Defendant would suffer considerable prejudice from having to prepare to meet this new testimony.  In listing these witnesses, Plaintiff proposes to have these decision-makers testify about "how they came to their separate determinations."  In effect, this would amount to re-trying all four of the administrative proceedings at issue, a considerable new burden on Defendant.

Fourth, a continuance to meet this new testimony would not be reasonable.  This action was originally scheduled for jury selection on November 5, 2013.  <u>See</u>

Doc. 16.  Defendant has already submitted two Joint Trial Memoranda with the full set of supporting documents.  It would not be reasonable to delay trial to accommodate testimony from "expert witnesses" who are not in any sense expert witnesses.

Thus, all the factors in the <u>Softel</u> test militate in favor of enforcing the Court's Scheduling Order in this instance.  Most importantly, there can be no occasion for setting aside the Court's Order to accommodate expert testimony from persons who are not expert witnesses under Rule 702.

In addition to the procedural unreasonableness of permitting Plaintiff to designate expert witnesses at this stage, the Court should exclude any testimony from these four individuals because they are neither expert witnesses <u>nor</u> fact witnesses.  As noted above, they do not possess the technical knowledge that might qualify them as expert witnesses.  They also do not possess the personal knowledge of relevant facts that would qualify them as fact witnesses.

With respect to fact witnesses, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  None of these four individuals possesses any personal knowledge about the subject matter of this action.  The knowledge they obtained about Plaintiff's employment with Defendant was entirely gained by presentation of evidence to them by the parties.  To the extent that evidence was presented to these decision-makers that is relevant to this action, the parties may present that evidence to the jury and the Court at trial.

7

Furthermore, testimony from administrative decision-makers about their thought processes is barred.  In general, courts will not inquire into the mental processes of decision-makers who served in a judicial capacity.  McCoy v Belmont, No. 3:85CV465, 1999 WL 33117446, at *2 (D. Conn. Aug. 9, 1999).  "[I]t is no more the function of a court to probe the mental processes of an administrative adjudicator than to subject a judge to such scrutiny."  Feller v. Bd. of Educ. of State of Conn., 583 F.Supp. 1526, 1529 (D. Conn. 1984).  This rule applies, inter alia, "when the testimony of the judge or administrative officer is ostensibly offered to support the position sustained at the administrative level."  Id.  "Nor does the characterization of it as expert testimony skirt the bar of the general rule."  Id.  On that basis, the court in Feller granted  a motion in limine to exclude testimony from a hearing officer for the State Board of Education on the reasons for an administrative decision.  Id.  See also KFC Nat'l Mgmt. Corp. v. NLRB, 497 F.2d 298, 304 (2d Cir. 1974) (the thought processes of such administrative decision-makers are "largely beyond judicial scrutiny").

Defendant has already filed Motions in Limine asking the Court to exclude any materials, evidence or testimony from the proceedings before the CHRO, the ESAD or the AAA.  Those Motions were filed as attachments to Defendant's original submission of a Joint Trial Memorandum on December 2, 2013 [Docs. 34-4, 34-6, and 34-8].  The reasons why any evidence from those proceedings should be excluded at trial were explained in detail in the Memoranda of Law that Defendant filed in support of those Motions [Docs. 34-5, 34-7, and 34-9].

Defendant does not repeat that argument here, but rather refers the Court to those Memoranda.  As established therein, evidence from those proceedings should be excluded under Federal Rule of Evidence 403 as more prejudicial than probative.  Plaintiff must present his evidence at the trial of <u>this</u> action, rather than relying on decisions made by other decision-makers to buttress his claims.

III.   <u>Conclusion</u>

For all the foregoing reasons, Defendant respectfully requests that the Court exclude all witnesses on Plaintiff's Witness List.

THE DEFENDANT,
GREATER NEW HAVEN TRANSIT DISTRICT,


BY
Michael J. Dorney – ct04187
Michael G. Caldwell – ct26561
LeClairRyan, A Professional Corporation
545 Long Wharf Drive
Ninth Floor
New Haven, Connecticut 06511
Telephone: 203.672.3210
Facsimile: 203.672.3233
E-mail: michael.dorney@leclairryan.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Kendrick J. Bryant,                    :        Case No. 3:13-CV-00071 (VLB)
Plaintiff                              :
                                                        :
Vs.                                                     :
                                                        :
Greater New Haven Transit          :
District, et al.,                          :
Defendant(s)                             :

                                                April 23, 2014

<u>PLAINTIFF'S WITNESS LIST</u>

The Plaintiff hereby submits the following witness list of the following people:

1 Eduardo Cordero
2 John Trotta
3 John Maebry
4 Cheryl Stevenson
5 Maurice W. Smith
6 Angel Duncan
7 Howie Cappetta
Pekah Wallace
Ronald T. Coleman
Eric Bekenstein
V. Golick

*7 witnesses*
*Disparate Treatment*
*Retaliation*
*Grievances and disciplinary actions*

*4 Expert witnesses*
*nature of the case*
*How did They come to there seperate*
*determinations Retaliation*
*Grievances and Disciplinary actions*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Witness List was mailed to:

LaClair Ryan
545 Long Wharf Drive, Ninth Floor
New Haven, CT. 06511
Attn: Michael J. Dorney

Donna K. Carter, Executive Director
840 Sherman Avenue
Hamden, CT. 06518

Kendrick L. Bryant (Signature)

## CERTIFICATE OF SERVICE

This is to certify that on May 6, 2014, a copy of the foregoing Memorandum of Law in Support of Amended Motion in Limine to Exclude Testimony of Proposed Witnesses, with attached Exhibit A, was sent by U.S. Mail to the <u>pro se</u> Plaintiff in this case, as follows:

**Kendrick J. Bryant**
**21 Millis Street**
**Hamden, Connecticut 06514-3520**

**Michael J. Dorney – ct04187**